**NORMAN G. JENSEN, INC., Plaintiff,**

v.

**UNITED STATES of America and Corwin S. Snyder, District Director of Customs, Bureau of Customs, Treasury Department, Defendants.**

No. 4–72 Civ. 40.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 23, 1973.

O'Connor, Green, Thomas, Walters & Kelly, by Frank J. Walz, Minneapolis, Minn., for plaintiff.

Robert G. Renner, U. S. Atty., by John M. Lee, Asst. U. S. Atty., for defendants.

NEVILLE, District Judge.

On these cross motions for summary judgment the facts are not materially in dispute. Plaintiff is what is known as a customs broker with offices at various border points on the Canadian-United States border. It brings this declaratory judgment action seeking an adjudication that certain customs duties sought to be collected by the government are illegal and not owed.

A construction contractor in Canada imported on various dates into the Unit-

ed States for use within the State of Illinois certain heavy construction equipment in connection with the performance of a construction contract. Under applicable regulations goods which are not consumed or for sale within the United States and are "tools of the trade and professional equipment" and are returned to the country of their origin within one year, or such extended period as may be granted, are not subject to certain import duties. The posting of a bond, however, is required to guarantee the return or the payment of the duty or failure so to do.

Plaintiff, acting as a broker, posted a blanket surety bond for this and apparently other temporary importations. While the imported equipment was in the United States, the Internal Revenue Service seized and sold the same, pursuant to a lien for delinquent income taxes, having nothing to do with import duties. The contractor therefore was unable to re-export the temporarily imported goods and is unable apparently to pay $1,547.58, the original amount of the assessed duties. Plaintiff was advised by a Bureau ruling after some lengthy negotiations that it had 60 days within which to make payment of such duties; otherwise the amount would increase by some $3,095 as liquidated damages. Within the 60 day period this lawsuit was instituted and payment has not been made.

■ Plaintiff claims impossibility of performance in that the government itself by its own action rendered impossible the ability of the contractor to perform by its seizure and sale of the goods and equipment. It therefore pleads excuse from its contract and the forgiveness of the import duties. The government, on the other hand, takes the view that the obligation to return the equipment and goods is that of the importer; that if some third-party had had a judgment against the importer and seized the goods in execution, it would be no defense for the payment of the duties; that the government through Internal Revenue Service is in no different position than any creditor who might levy on goods within the jurisdiction; that the goods and equipment do not acquire any hallowed status or immunity from seizure merely because they are subject to return without payment of duties.

The court is of the view that the government's contention is sound and that the complaint should be dismissed.

■ It does appear from the government's brief, however, that sometime after the importations here involved the law and regulations were amended in such a manner that had this importation been at a later date, plaintiff's contentions might have some merit. Further, the lawsuit here was brought within the 60 day period allowed by the Bureau of Customs within which the claim could be settled for $1,547.58 without liquidated damages. The court holds the liquidated damages not collectible if, within 60 days following the entry of this order plaintiff pays in full the $1,547.58. To hold otherwise would be to deter and discourage litigation brought in good faith for fear that if not successful, nearly three times the amount in contest would have to be paid. This tends to impede the court's jurisdiction and the willingness of persons to resort to the courts for any adjudication, and will not be enforced or upheld by this court. Further, the court by this ruling is doing no more than what the Bureau of Customs itself offered plaintiff.